**The People of the State of Illinois ex rel. Annie Jorczik, Defendant in Error, v. George Garines, Plaintiff in Error.**

**Gen. No. 21,596.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed March 28, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois on the relation of Annie Jorczik against George Garines, defendant, for bastardy. From a judgment on verdict finding him the father of the bastard child of relatrix, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The relatrix testified on direct examination that she had coition with defendant, on several occasions, commencing June 11, 1914, while employed in a Chinese restaurant conducted by a certain Moy Sing. The defendant was employed as a cook in another restaurant on the first floor of the same building in which Moy Sing's restaurant was situated, and continued in such employment during the remainder of that year.

Defendant testified that he first saw complainant the last of July, 1914, and commencing August 2, 1914, that he accompanied her on three occasions to various places of amusement. Defendant denied that he, at any time, had illicit relations with relatrix. Moy Sing testified that he did not pay any attention as to whether the relatrix entered his employ in June or July, 1914, but, according to his best recollection, it was during the first two weeks of July. Two of defendant's witnesses, coemployees, one of whom commenced work there June 24, 1914, the other July 23, 1914, testified that they first saw complainant during the last days of July, 1914. Doctor Leonard S. Wood testified that he attended the relatrix during her accouchment, and that the child at birth was a normal child, weighing seven and one-half pounds, who took nourishment and commenced gaining weight from the time of its birth. The doctor further testified that the usual period of gestation is 280 days. There was no evidence offered tending to prove that the birth was premature.

Thomas E. Swanson, for plaintiff in error.

Maclay Hoyne, for defendant in error; Irwin N. Walker, of counsel.

Mr. Justice McGoorty delivered the opinion of the court.

## Abstract of the Decision.

1.   BASTARDS, § 22*—*when evidence insufficient to establish parentage of alleged father.*   In a prosecution for bastardy where the case of relatrix rested entirely upon her unsupported evidence, *held* that the evidence preponderated in favor of defendant, it appearing that the first act of intercourse with defendant according to relatrix's testimony, was 233 days before the birth of the child.

2.   BASTARDS, § 20*—*when burden of proof upon mother to show that child prematurely born.*   In a bastardy prosecution where the testimony of relatrix shows that the first act of intercourse with defendant was 233 days before the birth of the child, the burden is upon her to establish by a preponderance of the evidence that the child was of premature birth.